CASE 44—PETITION EQUITY—APRIL 16.

## Blankenbaker v. Woodruff, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. CONSTRUCTION OF DEVISE.—Under a devise by a testator to his widow for life, remainder to his daughters "for their benefit and the benefit of the heirs of their natural bodies up to the age of thirty years on the part of each of said heirs of their natural bodies," the daughters did not take merely a life estate, remainder to their children, but each took a fee simple estate, to be joint with her children, if she had any, otherwise to be absolute, and the limitation as to age, as explained by a codicil, was intended merely to postpone the right of control and alienation upon the part of the children of the daughters until they should reach the age of thirty years, thus continuing the disability of infancy until then.

2. LIFE ESTATE.—Under a devise by the testator to his wife of one-third of the "net proceeds" of a tract of land, she took merely one-third of the net profits for life and had no interest which she could devise.

JNO. W. BARR, JR., AND ALEX. G. BARRET FOR APPELLANT.

1. A devise to "my three daughters .. for their benefit and the benefit

of the heirs of their natural bodies" gives the daughters a fee simple estate. (Johnson v. Johnson, 2 Met., 331; McMeekin v. Smith, 14 Ky. L. R., 732; McCauley v. Buckner, 87 Ky., 191), which is not cut down by the addition of the words "up to the age of thirty years on the part of each of said heirs of their natural bodies" as those words are explained by the testator.

2. This construction creates a vested instead of a contingent estate, and is, therefore, to be favored. (Williamson v. Williamson, 18 B. M., 375; Williams v. Williams, 13 Ky. L. R., p. 296; Wedekind v. Hallenberg, 88 Ky., p. 118.)

3. No construction could be adopted which would give effect to the testator's desire to postpone the time at which his daughters' heirs could get control of the estate. (Gen. Stats., chap. 63, art. 1, sec. 27; Ludwig v. Combs, 1, Met., 128; Gray on Perpetuities, sec. 214.)

4. The testator's wife was entitled to the equitable fee simple in one-third of the seventy-two acre farm. (Robbins v. Robbins, 10 Ky. L. R., 209.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The question in this case is what estate appellant Fannie Blankenbaker takes under the will of her father, probated in 1871, and as follows:

"I, Abraham Blankenbaker, give and bequeath my estate and property, real and personal, that is to say: I give to my wife, Ann Blankenbaker, the use of my farm of one hundred and thirty-nine acres, my dwelling house and appurtenances, household and kitchen furniture, one horse and mule, and two cows; the farm to be leased, worked on shares or in such manner as may be agreeable to her; accurate accounts to be kept of expenditures and receipts and settlements to be made annually on the first day of January, my wife retaining one-third of the net proceeds, the other two-thirds to be equally divided between my daughters, Fannie, Mary Smith and Sarah Woodruff. At the death of my wife the above property thus given for her use shall be equally divided between my three daughters named above, for their benefit and the benefit of the heirs of their natural bodies

up to the age of thirty years on the part of each of said heirs of their natural bodies.

"To my daughter Ellen I give during her life nine thousand dollars in bonds of the city of Louisville, five thousand in Jefferson county bonds, and one thousand dollars for the purchase of an additional bond so as to make up the full amount of fifteen thousand dollars in bonds for the support, care and maintenance of my said daughter Ellen during her life. . . . I hereby appoint my daughter Fannie as the special trustee of the interest, care and comfort of my daughter Ellen. At the death of my daughter Ellen, the property thus set apart for her use shall be equally divided between my daughter Fannie and my two married daughters, Mary Smith and Sallie Woodruff, the division for my married daughters to be made on the terms already specified respecting their property; that is to say, for the use of themselves and the heirs of their natural bodies until said heirs shall reach the age of thirty years. The seventy-two acres of land lying east of my farm may be rented out, worked on the shares or sold, as a majority of the trustees of my will may determine to be best for the interest of my heirs. Whatever plan may be determined thus respecting the seventy-two acres, the proceeds shall be divided among my daughters Fannie, Mary Smith and Sallie Woodruff, on the same terms that I have already specified in reference to my property divided among them.

"My two houses on the east side of Fourth street . . . shall continue to be rented for the benefit of my wife, Ann, and my daughters Fannie, Mary and Sallie, one-third of net proceeds being paid over to my wife, the other two-thirds being divided equally between my daughter Fannie and my two married daughters Mary Smith and Sallie Woodruff, on the terms already specified; that is to say, for their benefit and

the benefit of the heirs of their natural bodies up to the age of thirty years on the part of said heirs.

"I appoint my daughter Fannie, now residing on my farm, Robt. H. Snyder and nephew, William Blankenbaker, ex-executors of my will."

To the will was added this codicil: "That there may be no misunderstanding of my meaning, I declare that by the expression in my aforesaid will touch-ing the arriving at thirty years of age of my devisees and legatees, including therein the heirs of the natural bodies of my daughters, I mean that the estate devised and be-queathed to them shall not be subject to their control re-spectively until they reach the age named, that is to say, thirty years of age, it being the purpose of such provision to continue as to such estate the legal incapacity of infancy until the age of such heirs. This applies to everything de-vised to them under the will. Further, when I speak of so many thousand dollars in bonds, I mean so many bonds of $1,000 each, without regard to the market value of said bonds.

"I find, in reading over the will, that in devising the net proceeds of the seventy-two acres of my land. I failed to provide that one-third of the net proceeds of that part of my estate shall be paid over to my wife. I hereby require that one-third of these net proceeds shall be paid over to my wife and that the other two-thirds of these net proceeds shall be paid over to my daughters Fannie, Mary Smith and Sallie Woodruff, on the terms respecting this, specified in my will of February, 1871."

We have copied substantially the entire will and codicil in order to fully understand, if possible, the testator's scheme for disposing of his property.

Both the married daughters, Mary Smith and Sallie Wood-

ruff, have since died, each leaving a child and heir at law, and the controversy is between those children and their aunt, Fannie Blankenbaker, as to whether she is entitled, under her father's will, to a fee-simple or life estate in the two tracts of land, and also whether her mother, Ann Blankenbaker, who died testate, leaving her sole devisee, had more than a life estate in one-third of the tract of seventy-two acres.

The question arising in respect to the interest of each of the three daughters in the tract of one hundred and thirty-nine acres is as to meaning of the words: "At the death of my wife, Ann Blankenbaker, the above property thus given for her use shall be equally divided between my three daughters named above, for their benefit and the benefit of the heirs of their natural bodies up to the age of thirty years on the part of each of said heirs of their natural bodies."

If the language had been in substance: "I devise one-third of the land to each of my three daughters and her bodily heirs," that would have been an attempt to create an estate-tail which the statute converts into a fee-simple. But the words, "for their benefit and the benefit of the heirs of their natural bodies," serve to indicate intention of the testator to give to the heirs of the body of each daughter, if they were used in the sense of children, a joint estate with their mothers, not an interest in remainder. And that view is, to some extent, fortified by the codicil, which was made to explain the meaning of the words, "up to the age of thirty years on the part of each of said heirs of their natural body."

Neither the will nor the codicil shows an intention to postpone either the vesting in or use and enjoyment by the heirs of the bodies of the daughters of the estate devised; but simply to extend the incapacity of infancy ten years be-

yond the statutory limit, during which period they were not to have the power to control, nor, inferentially, the power to alienate. It seems to us, therefore, the language used, does not, by any means, clearly show an intention to give to the daughters respectively a life estate, remainder to their respective bodily heirs.

But whether it was intended to give to such bodily heirs a joint interest with their mothers, taking effect immediately, or whether, if so, the statute forbidding suspension of the power of alienation for a longer period than during the continuance of a life or lives in being at creation of the estate, and twenty-one years and ten months thereafter, is thereby contravened, we are satisfied the testator never intended either of his daughters, particularly Fannie, to have any other or less than a fee-simple estate, which as to each was to be joint with her children, if she had any, otherwise to be absolute. Fannie was, at the date of the will, old enough, and, in opinion of the testator, had capacity enough, to be appointed by him trustee of his daughter Ellen, to whom was given personal estate of the value of $15,000, and also to be appointed executrix of his will, though she was still unmarried, and evidently the testator believed she would continue so. As, therefore, it is evident the testator did not believe it probable she would have bodily heirs, he must have contemplated and intended she would have a fee-simple estate, otherwise he would have provided for her dying without children; for the will, though not either entirely plain or artificially drawn, shows he intended it to be precise and comprehensive. In our opinion, the daughter Fannie took under the will a fee-simple estate, to be absolute in case she had no children.

It seems to us clear, the widow, Ann Blankenbaker, was entitled to only an estate for life in the tract of seventy-two

acres, and consequently, had no power to devise it, as she attempted to do, to her daughter Fannie. In fact, there is no language used in the will that shows an intention to give her any more than one-third of net profits of either tract for her life.

Wherefore, for the error in deciding Fannie Blankenbaker had only a life estate in the real property, the judgment is reversed and cause remanded for further proceedings consistent with this opinion.